1  KILPATRICK TOWNSEND & STOCKTON LLP
   GREGORY S. GILCHRIST (State Bar No. 111536)
2  ggilchrist@kilpatricktownsend.com
   SOPHY T. MANES (State Bar No. 287583)
3  smanes@kilpatricktownsend.com
   Two Embarcadero Center, Suite 1900
4  San Francisco, CA  94111
   Telephone:   415 576 0200
5  Facsimile:   415 576 0300

6  Attorneys for Plaintiff
   THE GLAD PRODUCTS COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| THE GLAD PRODUCTS COMPANY, | Case No. 18-cv-2860 |
|---|---|
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION AND UNFAIR COMPETITION** |
| v. | |
| CLICK PRODUCTS, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff The Glad Products Company ("Glad") complains against Defendant Click Products, LLC ("Click") as follows:

### THE NATURE OF THE ACTION

1.  Glad brand is a household name for high quality re-sealable food storage and trash bags, among many other products.  Since at least 1971, these products have been sold under a familiar banner containing the Glad trademark:



COMPLAINT
CASE NO. 18-cv-2860

- 1 -

1  Click recently has adopted an nearly identical banner for use on competing products. It uses the
2  mark Fresh Guard, but emphasizes "Guard" in the banner so as to maximize the similarity with
3  Glad's famous logo:



8  2. For some products, Click also has mimicked the overall look and feel of Glad's
9  packaging for competing products. It combines its red banner with the same iconic yellow box
10 that Glad has used for decades to signal its well-known products. The result is that the products
11 appear to be virtually indistinguishable to busy shoppers.

 

 

21  3. Glad brings this action to stop Click's ongoing efforts to infringe and dilute Glad's
22 trademarks and trade dress, and Glad's goodwill in its famous, high quality brands. Glad seeks
23 damages and injunctive relief for Click's trademark and trade dress infringement, and unfair
24 competition.

25                                **PARTIES**

26  4. Glad is a Delaware corporation with its principal place of business at 1221
27 Broadway, Suite A, Oakland, CA 94612.
28  5. Glad is informed and believes that Click Products, LLC. is a limited partnership,

COMPLAINT                                                                          - 2 -
CASE NO. 18-cv-2860

1  organized and existing under the laws of the State of New Jersey, with its corporate offices and
2  principal place of business at 75 Ethel Rd., Edison, NJ 08817.

## JURISDICTION AND VENUE

6. Glad's first, second and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*). The Court has subject matter jurisdiction over them under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), and 15 U.S.C. § 1121 (Lanham Act).

7. Glad's fourth claim arises under the laws of the State of California. The Court has supplemental jurisdiction over this state law claim under 28 U.S.C. § 1367.

8. Glad is informed and believes that the Court has general and specific personal jurisdiction over Click because Click has sufficient minimum contacts as a result of business conducted within the district, including its conduct in making, using, selling, offering to sell, and/or importing infringing products within the district.

9. 28 U.S.C. § 1391 provides for venue in this Court with respect to all claims because a substantial part of the wrongdoing arose and the damaged intellectual property is located within this judicial district.

## FACTS
### Glad's Famous Trademarks and Trade Dress

10. Glad is an industry-leading manufacturer of plastic bags and containers. It has invested heavily in research and development to improve the strength, durability, and convenience of its food storage bags, plastic wrap, food storage containers and other kitchen products designed to protect and store food and snacks. The durability of the Glad brand and the quality of Glad's products has garnered it much goodwill, which it protects through its registered and unregistered trademarks and trade dress.

///
///
///

11. Glad now owns dozens of registered trademarks for the Glad brand and derivatives, including many for its Glad banner logo (Glad logo):



This banner has been in use by Glad since 1971 and is almost universally rendered in red, with white lettering, with a dark yellow shading at the bottom of the banner. Among the registrations for this trademark are Serial nos. 74710118; 77815189; 77845256; 78558342; 86457409; 86176666; 86424795; 86688821; 86688829 86910533; 86939639; and 87081661. The banner ("plain banner"), without any internal branding, also is registered.

Serial no. 77598877. These registrations cover sandwich bags, food storage bags, plastic wrap; freezer bags; aluminum foil; trash bags, pet waste bags; housebreaking pads; cutting boards, bakeware, cookware, pots, pans, plastic cups; disposable utensils; flatware; plastic holders; beverage cups; and trash cans, among other products.

12. These registrations are in full force and effect and many, particularly for the products that are directly competitive with Click's challenged products have become incontestable under 15 U.S.C. § 1065. The Glad logo is distinctive, arbitrary, and fanciful, and it is entitled to the broadest scope of protection. In addition, Glad has adopted a distinctive red and yellow packaging that also features the Glad logo. Although the specific imagery used on the packaging may vary according to the purpose of the product, Glad product packaging retains a consistency throughout the product line that signals to consumers that they are purchasing a high quality product produced by Glad. Because this trade dress and the Glad logo are used so prominently



1  and consistently on a range of related products that appear in various aisles of most grocery and
2  price club channels, consumers cannot help but be exposed to the Glad marks almost every time
3  they do their shopping. The Glad logo, plain banner, registered Glad logo marks and unregistered
4  Glad marks and the red and yellow packaging trade dress are collectively referred to as the "Glad
5  marks." Glad has continuously used the Glad marks in commerce and has spent an enormous
6  amount of time, money, and effort advertising and promoting them throughout the market in the
7  United States. Thousands of retail outlets and websites all over the world, including throughout
8  the United States sell products displaying the Glad marks and they have become famous to
9  consumers in the United States, long before Click began selling its infringing and diluting
10 products. Consumers recognize the Glad marks and strongly associate them with Glad and its
11 quality products.

### Click's Misappropriation of the Glad Marks

13. Glad is informed and believes that Click recently started copying the Glad marks for use on directly competing products. It uses a nearly identical banner in which it has displayed Fresh Guard, in white letters, with "Guard" emphasized. The visual impression of "Guard" is highly similar to that of "Glad," both one syllable words that start with "G" and end with "D." Click's uses of this Fresh Guard logo, and its use of a red banner on red and yellow packaging, are referred to as the "Click infringements."

14. The overall commercial impression of the Click infringements is highly similar and likely to be confused by consumers as signaling Glad products. Even if consumers notice that the Click infringements are not branded with the Glad trademark, they are likely to be confused about the prospect that the Click infringements originate with or are authorized by Glad as a private label or licensed product, or a product produced by an affiliate of Glad.

15. The Click infringements include at least the following products, but also include any similar variants that feature the Fresh Guard banner, or similar red and yellow packaging:



COMPLAINT                                                                           - 5 -
CASE NO. 18-cv-2860











COMPLAINT
CASE NO. 18-cv-2860

- 6 -

16. Click's use of the Click infringements, if such use continues, is likely to dilute the Glad marks by eroding the singular associations that consumers make between the Glad marks and its high quality products. The Glad marks were famous, within the meaning of the Lanham Act's protections against dilution, long before Click started using the Click infringements. Unless Click is stopped, Glad will suffer irreparable erosion to its hard earned goodwill.

17. Glad is informed and believes that Click distributes products displaying the Click infringements in the same grocery and online channels through with Glad distributes its products. The proximity of the products and channels through which they are sold adds to the likelihood of confusion and dilution of Glad's famous marks.

18. As a result of Click's infringement of the Glad marks, Click is trading on Glad's goodwill and reputation to its own benefit and Glad's damage. Click's actions have caused and will cause Glad irreparable harm for which money damages and other remedies are inadequate. Unless Click is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to Glad by, among other things:

    a. Depriving Glad of its statutory rights to use and control use of its trademarks;

    b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of Click's infringing products;

    c. Causing the public falsely to associate Glad with Click and/or its products, or vice versa; and

    d. Causing incalculable and irreparable damage to Glad's goodwill and diluting and eroding the capacity of the famous GLAD® marks to differentiate its products from those of its competitors.

19. To stop this conduct and avoid these harms, Glad is entitled to damages, disgorgement of Click's profits, and injunctive relief against Click and all persons acting in concert with it.

///

///



**First Claim**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114–1117)**

20. Glad incorporates by reference Paragraphs 1–19 as though they were fully set forth here.

21. Click has used—in connection with the sale, offering for sale, distribution or advertising of its products—words and symbols that infringe upon the Glad marks.

22. Click's acts of trademark infringement are likely to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

23. Click's acts of trademark infringement are willful and intentional and calculated to misappropriate goodwill that belongs to Glad.

24. As a result of Click's infringements, Glad is entitled to damages, disgorgement of Click's profits from its infringements, injunctive relief, attorneys' fees, and costs.

**Second Claim**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a))**

25. Glad incorporates by reference Paragraphs 1–19 as though they were fully set forth here.

26. Click is using symbols or devices tending falsely to describe its infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Click's conduct is likely to cause confusion, mistake, or deception by or in the public as to Glad's affiliation, connection, association, origin, sponsorship or approval of Click or the infringing products to the detriment of Glad and in violation of 15 U.S.C. § 1125(a)(1).

27. Click's false descriptions of its products are willful and deliberate and calculated to misappropriate goodwill that belongs to Glad.

28. Glad is entitled to damages, disgorgement of Click's profits from its infringements, injunctive relief, attorneys' fees, and costs.

/ / /

/ / /



**Third Claim**
**DILUTION**
**(15 U.S.C. § 1125(c))**

29. Glad incorporates by reference Paragraphs 1–28 as though they were fully set forth here.

30. Click's conduct is likely to erode or dilute the distinctiveness of the famous Glad marks within the meaning of 15 U.S.C. § 1125(c).

31. Click's acts of trademark dilution are willful and intentional and calculated to diminish the goodwill that belongs to Glad.

32. Glad is entitled to disgorgement of Click's profits from its infringements, injunctive relief, attorneys' fees, and costs.

**Fourth Claim**
**UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code §17200)**

33. Glad incorporates by reference Paragraphs 1–32 as though they were fully set forth here.

34. Click's conduct is unfair and anticompetitive toward Glad and violates the public policies of the State of California and United States as expressly set forth in their statutes.

35. Glad was the target of Click's unfair competition and has suffered direct economic harm and harm to its reputation and goodwill as a result of Click's conduct.

36. Glad is entitled to an injunction against any continuing and future unfair competition by Click.

**PRAYER FOR RELIEF**

WHEREFORE, Glad prays for relief in its favor, as follows:

A. An order and judgment, preliminary and permanent, enjoining Click, their officers, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement or dilution of the Glad marks;

B. A judgment that Click has infringed Glad's trademark in violation of Glad's rights under 15 U.S.C. § 1114, common law, and/or California law;

C. A judgment that Click has competed unfairly with Glad in violation of Glad's



COMPLAINT
CASE NO. 18-cv-2860

- 9 -

1    rights under 15 U.S.C. § 1125(a), common law, and/or California law;

2         D.    A judgment that Click has diluted the Glad marks in violation of Glad's rights under 15 U.S.C. § 1125(c) and California unfair competition law;

4         E.    A judgment awarding Glad damages and/or disgorgement of Click's profits;

5         F.    An award of costs of suit and, because this is an exceptional case under the trademark, reasonable attorneys' fees; and

7         G.    Any further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Glad requests a trial by jury on all issues so triable.

DATED: May 15, 2018          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Gregory S. Gilchrist*
      GREGORY S. GILCHRIST

Attorneys for Plaintiff
The Glad Products Company

